UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERTA BARNETT,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE, *et al.*

Defendants.

Case No.  2:25-cv-3591-DC-JDP (PS)

ORDER

Roberta Barnett ("plaintiff") brings this action against the U.S. Department of Justice, former California Attorney General Xavier Becerra, current California Attorney General Rob Bonta, Kristin Daly, a deputy California attorney general, Jose Sanchez, a Department of Motor Vehicles investigator, the Sacramento Police Department, and numerous "Doe" defendants. ECF No. 1 at 4-6. Plaintiff's claims, as articulated, are not cognizable. I will dismiss the complaint and give plaintiff an opportunity to remedy the deficiencies identified below. I will also grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and

1

dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that defendants violated her rights under Title II of the Americans with Disabilities Act ("ADA") and that they engaged in a conspiracy under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), which provides a civil cause of action for an individual whose business or property is injured by violations of the act's criminal provisions. *See* 18 U.S.C. § 1964(c). Neither claim is suitable to proceed.

As an initial matter, the complaint, despite its length, fails to provide anything more than vague and conclusory allegations. The claims herein appear to arise in connection with a separate

2

federal case that was dismissed in 2024.  ECF No. 1 at 4.  Plaintiff repeatedly alleges that defendants concealed evidence, intimidated witnesses, manipulated state and federal processes, failed to investigate the deficiencies, and retaliated against her.  *Id.* at 7-8, 10, 28.  But plaintiff never offers any specifics or contextual allegations that would enable the reader to discern what events underlie the labels and conclusions she offers.  Moreover, some of the allegations verge on fanciful, such as her claim that the Department of Justice enabled "catch and kill" operations to neutralize or suppress evidence favorable to her.  *Id.* at 28.

As to her ADA claims, plaintiff has not alleged that any of the named defendants discriminated against her because of her disability.  A viable ADA claim must allege that the plaintiff is disabled within the meaning of the ADA, that she is a qualified individual with a disability, and that she was discriminated against because of her disability.  *See Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999).  The complaint fails to plead these elements.

And, with respect to her RICO allegations, plaintiff has failed to allege the sort of activities that would support a viable claim.  "To state a civil RICO claim, [a plaintiff] must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to [her] 'business or property.'"  *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (quoting 18 U.S.C. § 1964(c)).  "Conduct which does not rise to the level of organized criminal activity will not support a finding of a RICO conspiracy."  *Thompson v. City of Bozeman*, CV 18-75-BU-BMM-KLD, 2020 U.S. Dist. LEXIS 88796, *23 (D. Mont. Mar. 3, 2020).  Even assuming that such a claim could be brought against state and federal law enforcement officials and agencies, plaintiff's allegations fail to offer any specific allegation of organized criminal activity.

I will give plaintiff an opportunity to file an amended complaint that explains why, if at all, her claims should proceed.  Any amended complaint will entirely supersede the initial one and must be complete in itself.  It should be titled "First Amended Complaint" and be filed within thirty days of this order's entry.

3

Accordingly, it is ORDERED that:

1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2.  Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3.  Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5.  The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:    January 14, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4