UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA BARNETT, | Case No.  2:25-cv-3591-DC-JDP (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.* | |
| Defendants. | |

Roberta Barnett ("plaintiff") brings this action against the U.S. Department of Justice, former California Attorney General Xavier Becerra, current California Attorney General Rob Bonta, Kristin Daly, a deputy California attorney general, Jose Sanchez, a Department of Motor Vehicles investigator, the Sacramento Police Department, and numerous "Doe" defendants.  ECF No. 4 at 6-8.  I found that plaintiff's initial complaint failed to state any cognizable claim and granted her leave to amend.  ECF No. 3.  She has filed an amended complaint, ECF No. 4, that retains all the deficiencies of its predecessor.  Accordingly, I now recommend that it be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff broadly alleges that, during a period ranging from 2014 to the present, defendants violated her rights by taking actions to prevent whistleblower claims from being investigated. Specifically, she alleges that she discovered widespread overpayments through "CoBen/Flex Pay" and that, afterwards, all defendants engaged in a broad conspiracy to silence her and suppress her findings. ECF No. 4 at 12-13. Many of her claims are vague and border-line fanciful, such as her claim that unidentified undercover agents made coercive statements to her. *Id.* at 15.

In a separate but no more cognizable claim, plaintiff alleges that, in 2017, she reported "computer tampering, digital interference, harassment, retaliation, payroll fraud, and related

misconduct" to the Department of Motor Vehicle's office of special counsel and office of the inspector general. *Id.* at 16. She claims that the California Department of Justice, including Attorney General Rob Bonta, failed to act on her report. *Id.* at 17.

Then, in another distinct claim, plaintiff claims that, also in 2017, she reported instances of sexual harassment and assault in the workplace (presumably at the Department of Motor Vehicles). *Id.* at 17-18. She does not state whether she was the victim of this alleged misconduct or, indeed, offer any specifics whatsoever. Plaintiff alleges only that her supervisors and the Sacramento County Police Department failed to act. *Id.* at 18. She also claims that, after she made her reports, supervisors used "managerial access codes" to falsely portray her as deficient at her job. *Id.* Plaintiff alleges that the Department of Justice (either the state or federal, it is unclear which she is referring to), had knowledge of these misdeeds, but withheld corroborating documents and acted to silence her. *Id.* at 18-21. She claims that covert agents, presumably of the department, went so far as to interfere with her medical care. *Id.* at 22.

The complaint continues, making other claims about access to the courts, the dismissal of another civil action in this district, and defendants' violation of the Racketeer Influenced and Corrupt Organizations Act. I find it unnecessary to relate all of the vague allegations plaintiff raises in her nearly seventy-page complaint. The complaint fails to comply with federal pleading requirements insofar as it is not a short and plain statement of her claims that gives adequate notice to each defendant. Instead, it is a collection of vague and fanciful allegations that are at once grandiose and underdeveloped, and which are of the sort that courts routinely dismiss. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ."). This is not to say that all aspects of the claims are logically impossible, but they are inadequate to proceed in court. It is difficult to conceive of a case that could proceed against an indeterminate, but numerous, set of defendants that is premised on vast, ill-defined conspiracies. *See Padilla v. Immigration, et al.*, No. 1:25-cv-00221-EPG, 2025 U.S. Dist. LEXIS 35653, *5 (E.D. Cal. Feb. 27, 2025) (collecting examples of dismissed cases where plaintiff alleged existence of a fanciful conspiracy).

3

I now recommend that this action be dismissed without leave to amend.  Plaintiff has already been afforded an opportunity to amend, and her amended complaint is no improvement on its non-cognizable predecessor.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that repeated failure to cure deficiencies by amendment may weigh in favor of dismissal without leave to amend).

Accordingly, it is RECOMMENDED that:

1.  Plaintiff's amended complaint, ECF No. 4, be DISMISSED without leave to amend for failure to state a cognizable claim.

2.  The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    March 6, 2026                                  _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4